**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
AUGUST 11, 2022

_González, C.J._
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
AUGUST 11, 2022

ERIN L. LENNON
SUPREME COURT CLERK

## IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| CERTIFICATION FROM THE ) | |
| UNITED STATES DISTRICT COURT ) | |
| FOR THE WESTERN DISTRICT OF ) | No. 100523-7 |
| WASHINGTON ) | (certified C21-0310JLR) |
| IN ) | |
| ) | |
| CONVOYANT LLC, ) | En Banc |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Filed: <u>August 11, 2022</u> |
| ) | |
| DEEPTHINK, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

GONZÁLEZ, C.J. — In our system of divided government, federal courts have the power to apply state law but not to decide state law. *See In re Elliott*, 74 Wn.2d 600, 602, 446 P.2d 347 (1968) (plurality opinion); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938). Most states and some territories, including Washington, allow federal judges to ask state or territorial supreme courts to answer open questions of state or territorial law when a resolution of that question is necessary to resolve a federal case. *See* RCW

2.60.020; *McKown v. Simon Prop. Grp. Inc.*, 689 F.3d 1086, 1091 (9th Cir. 2012)

(quoting *Bylsma v. Burger King Corp.*, 676 F.3d 779, 783 (9th Cir. 2012)).

A federal district court has certified this question to the court:

When analyzing whether a claim is preempted by the Washington Uniform Trade Secrets Act, ch. 19.108 RCW, should courts apply the "fact-based" approach set forth in *Thola v. Henschell*, 164 P.3d 524 (Wash. Ct. App. 2007), or the "elements-based" approach endorsed in *SEIU Healthcare Northwest Training Partnership v. Evergreen Freedom Foundation*, 427 P.3d 688 (Wash. Ct. App. 2018)?

Order Certifying Question, *Convoyant LLC v. DeepThink, LLC*, No. C21-0310JLR at 6 (W.D. Wash. Jan. 3, 2022).

Once this court has accepted a certified question, the question is treated, in most ways, like a contested appellate case presented by genuinely adverse parties, each strongly advocating a different resolution to the legal question presented. *See, e.g.*, *Bain v. Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83, 91, 285 P.3d 34 (2012) (citing *Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*, 149 Wn.2d 660, 670, 72 P.3d 151 (2003)). This court has the discretion to decide whether and how to answer a certified question. *Id.* (citing *Broad v. Mannesmann Anlagenbau, AG*, 141 Wn.2d 670, 676, 10 P.3d 371 (2000)).

The parties before us agree that a fact-based approach should be used in this case. Given their agreement, our resolution of the certified question is not necessary under RCW 2.60.020 or appropriate under the general rule that the court will not decide moot and abstract propositions. *See State v. B.O.J.*, 194 Wn.2d 314,

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

320-21, 449 P.3d 1006 (2019) (quoting *Sorenson v. City of Bellingham*, 80 Wn.2d 547, 558, 496 P.2d 512 (1972)). There has also been no showing by the parties that this is the sort of question that is likely to avoid review, which might justify a decision on the legal question even if the issue was, as to the parties before the court, moot. *See id.* (quoting *In re Det. of Swanson*, 115 Wn.2d 21, 24-25, 793 P.2d 962, 804 P.2d 1 (1990)). Given these circumstances, and given the lack of genuinely adversarial briefing, we decline to answer the certified question.

González, C.J.

WE CONCUR:

| | |
|---|---|
| Johnson, J. | Gordon McCloud, J. |
| Madsen, J. | Yu, J. |
| Owens, J. | Whitener, J. |
| Stephens, J. | Mann, J.P.T. |

3